WILLIAM McWHORTER et al., Appellants-Respondents, v. GEORGE L. STEVENS, Respondent-Appellant. (Action No. 1.) GEORGE L. STEVENS, Respondent-Appellant, v. WILLIAM McWHORTER, Appellant-Respondent. (Action No. 2.) — Appeal by the plaintiffs in action No. 1 from an order of the Supreme Court, Washington County, entered January 2, 1953, denying the plaintiffs' motion for summary judgment dismissing a counterclaim pleaded in the answer. The defendant cross-appeals from the same order insofar as it denies his cross motion to dismiss the complaint and for judgment on his counterclaim. Appeal by the defendant in action No. 2 from an order of the Supreme Court, Washington County, entered February 25, 1953, denying the defendant's motion for summary judgment dismissing the complaint. The plaintiff in action No. 2 cross-appeals from the order insofar as it denies his cross motion for judgment on the pleadings. Action No. 1 is an action to recover damages for the alleged conversion of personal property which Stevens, the defendant in that action, had agreed to purchase in connection with the purchase of the plaintiffs' farm. The defendant Stevens had agreed to purchase the plaintiffs' farm under a land contract dated February 8, 1949. The purchase price of the farm was $23,000 and the purchase price of the personal property used in connection with it was $10,000. The contract provided for a down payment of $3,000 and monthly payments of $125 on the real property and monthly payments of $100 on the personal property. The defendant defaulted in the making of the installment payments and an action was brought to foreclose the land contract. In that action, the defendant pleaded a counterclaim charging that the plaintiffs had made false representations concerning the physical condition of the property. Subsequently, a settlement of the action was negotiated between the plaintiffs and their attorneys and the defendant and his attorney and a stipulation and release were executed pursuant to the settlement. Under the terms of this stipulation and release, the defendant agreed to surrender the premises and to release the plaintiffs from any and all liability under the land contract and the defendant further agreed that the stipulation and release " shall not preclude the plaintiffs herein from instituting an action for conversion to recover the value of personal property described in said land contract and unlawfully removed and disposed of by the defendant". The counterclaim which the defendant has pleaded in action No. 1 is identical with the counterclaim which had been pleaded in the prior foreclosure action which had been settled and discontinued. Summary judgment should have been granted in favor of the plaintiffs dismissing this counterclaim under rule 113 of the Rules of Civil Practice upon the ground that the plaintiffs had set forth in their moving papers a defense which was " sufficient as a matter of law * * * founded upon facts established prima facie by documentary evidence " and that the defendant had failed to show facts " sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence ". The defendant's cross motion to dismiss the complaint and for judgment on his counterclaim was properly denied. Action No. 2 is an action by the purchaser under the land contract to recover damages for alleged false representation, it being charged that William McWhorter had represented that he was the sole owner of the property whereas, in fact, he was not the sole owner but was a tenant by the entirety with his wife Ethel McWhorter. In his answer, the defendant William McWhorter admits that the property was owned by himself and his wife as tenants by the entirety but he denies

that he made any representation to the contrary and he alleges that, in entering into the contract of sale, he acted with the knowledge and consent of his wife and that she ratified the contract. Under section 259 of the Real Property Law, a contract for the sale of real property must be in writing "subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." It does not appear that McWhorter was authorized in writing by his wife to sell her interest in the property; therefore, the contract would not have been enforcible against her if she had repudiated the contract and had pleaded the Statute of Frauds. However, it appears that she did not repudiate the contract but, on the contrary, ratified it in writing by joining with her husband in the action to foreclose the contract and by verifying the complaint in that action, in which it was alleged that she and her husband had entered into the contract of sale. Furthermore, it does not appear that there was any false representation in this connection; the land contract showed on its face that the property was owned by William McWhorter and Ethel McWhorter, his wife. The purchaser signed one copy of the contract and William McWhorter signed the other contract and they exchanged copies so that there was in the possession of the purchaser from the time of execution, a copy of the contract showing on its face that the property was owned by both husband and wife, even though it was signed only by the husband. This copy was in the purchaser's possession and was known to his attorney at the time that the foreclosure action was settled and the stipulation and release were executed. Moreover, even if there had been a false representation by William McWhorter as to the nature of his title at the time of the making of the contract, it is clear that no damage was suffered by the purchaser by reason of the representation since the contract was subsequently ratified in writing by the wife. There is a reference in the complaint in action No. 2 to an earlier memorandum of sale dated January 1, 1949, in which William McWhorter appears as the sole owner but it is evident that this was a preliminary memorandum which was merged into and superseded by the formal land contract subsequently executed by the parties on February 8, 1949. Upon establishing these facts, by documentary evidence, the defendant in action No. 2 was entitled to summary judgment, under rule 113, dismissing the complaint. The order in action No. 1, insofar as it denied the plaintiffs' motion for summary judgment dismissing the counterclaim, is reversed on the law and the plaintiffs' motion is granted and the counterclaim is dismissed, with costs. Insofar as the order denied the defendant's cross motion to dismiss the complaint and for judgment on the counterclaim, the order is affirmed, without costs. In action No. 2, the order denying the defendant's motion for summary judgment is reversed on the law and the motion is granted and the complaint is dismissed, with costs. Insofar as the order denied the plaintiff's cross motion for judgment on the pleadings, the order is affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.